**MCDANIEL FORD, INC., Petitioner–Cross–Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent–Cross–Petitioner.**

Nos. 00–4223L, 00–4253.

United States Court of Appeals, Second Circuit.

June 19, 2001.

Donald C. Rood, Hicksville, NY, for petitioner-cross-respondent.

Siobhan M. Kelly, Attorney, NLRB, Washington, DC, for respondent-cross-petitioner.

Present Van GRAAFEILAND, KEARSE, Circuit Judges, SEYBERT, District Judge.*.

### SUMMARY ORDER

This cause came on to be heard on the record from the National Labor Relations Board and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the petition for review be and it hereby is denied, and that the petition for enforcement be and it hereby is granted.

Petitioner McDaniel Ford, Inc. ("McDaniel" or the "Company"), petitions for review of an order of respondent National Labor Relations Board ("NLRB" or the "Board") ordering the Company to pay Leon Balsam $36,896.82 in lost wages and to pay $6,082.92 to the Pension Fund of Local 259, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL CIO (the "Union") on Balsam's behalf, as remedies for the Company's discriminatory discharge of Balsam in violation of the National Labor Relations Act (the "Act"), see McDaniel Ford, Inc., 1997 WL 34912, 322 NLRB 956 (Jan. 28, 1997) (finding that McDaniel violated 29 U.S.C. § 158(a)(3), by unlawfully discharging Balsam for union activities), aff'd, McDaniel Ford, Inc. v. NLRB, No. 97–4095 (2d Cir. Aug. 27, 1997) (enforcing the Board's order against McDaniel in its entirety). McDaniel contends principally that the backpay award improperly compensated Balsam for time for which he received unemployment compensation or time during which he was unable to work, and that the order that the Company make a payment to the Union was based on the erroneous premise that Balsam was a member of the bargaining unit covered by the Union. The NLRB cross-petitions for enforcement of its order. Finding no merit in McDaniel's contentions, we enforce the order.

"The gross backpay due an employee who has been wrongfully discriminated against is the amount that will restore the situation as nearly as possible, to that which would have obtained but for the illegal discrimination." NLRB v. Ferguson Electric Co., 242 F.3d 426, 431 (2d Cir.2001) (internal quotation marks omitted). Backpay awards serve, inter alia, to deter employers from engaging in unfair labor practices. See id. It has long been recognized that it is within the Board's discretion to refuse to deduct from such an award amounts the victimized employee received as unemployment compensation. See, e.g., NLRB v. Gullett Gin Co., 340 U.S. 361, 365–66, 71 S.Ct. 337, 95 L.Ed. 337 (1951). We see no abuse of discretion in the refusal to make such a deduction with respect to Balsam.

* Honorable Joanna Seybert, of the United States District Court for the Eastern District of New York, sitting by designation.

Nor is there merit in McDaniel's challenge to the Board's findings with respect to Balsam's ability to work and his membership in the bargaining unit with which the Company has a collective bargaining agreement. Once the Board's General Counsel has established the gross amount of back pay, " 'the burden shifts to the employer to establish facts which would negative the existence of liability ... or which would mitigate that liability.' " *NLRB v. Ferguson Electric Co.*, 242 F.3d at 431 (quoting *NLRB v. Browne*, 890 F.2d 605, 608 (2d Cir.1989) (internal quotation marks omitted)). The Board's findngs of fact are conclusive if, in light of the record as a whole, they are supported by " 'substantial evidence,' " *NLRB v. G&T Terminal Packaging Corp.*, 246 F.3d 103, 114 (2d Cir.2001) (quoting 29 U.S.C. § 160(f)); "substantial evidence" means "more than a mere scintilla," *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951) (internal quotation marks omitted). Further, the particular remedy selected by the Board for an unfair labor practice "is subject to limited judicial review, and 'will not be overturned if it may fairly be said to have as its purpose ends that will effectuate the policies of the Act.' " *NLRB v. Coca–Cola Bottling Co. of Buffalo, Inc.*, 191 F.3d 316, 324 (2d Cir.1999) (quoting *Manhattan Eye Ear & Throat Hospital v. NLRB*, 942 F.2d 151, 156 (2d Cir.1991)); *see* 29 U.S.C. § 160(c) (authorizing the Board to issue orders requiring such action "as will effectuate the policies of [the Act]").

The record before the Board in the present matter contained evidence that Balsam in fact worked during all but one of the quarters for which backpay was awarded, working in every quarter after he found work following his discharge by McDaniel. Indeed, Balsam worked for McDaniel upon his reinstatement after adjudication of the merits of this unfair labor practice. Despite Balsam's having been discharged by one employer on account of sickness, therefore, there was substantial evidence to support the Board's finding that Balsam was not unable to work at the pertinent times.

The record as to the nature of Balsam's duties also amply justified the Board's finding that he was a utility employee who was a member of the bargaining unit represented by the Union.

McDaniel's additional contention that the Board should have allowed it to submit documents after the conclusion of the hearing provides no basis for refusing to enforce the Board's order. Several adjournments had been granted at the request of the Company's attorney, and it was not an abuse of discretion to deny yet another such request. Nor, given the fact that the Company sent a representative to the hearing, has any reason been presented why the documents in question could not have been offered by that representative.

We have considered all of McDaniel's contentions in support of review and in opposition to the Board's petition for enforcement and have found them to be without merit. The petition for review is denied; the petition for enforcement is granted. The order of the Board is enforced.